UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. H-05-00109 |
| | § | |
| CURTIS EUGENE FAULTRY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motion for Disclosure of Confidential Informants (Docket # 47), Motion to Suppress Involuntary Oral Statements (Docket # 44), and Supplemental Motion to Suppress (Docket # 61). Having considered the parties' briefs, and the parties' having appeared for a hearing on April 26, 2006, Defendant's motions are **DENIED**.

**I. Background**

This case arises from the Houston Police Department's narcotics investigation of Defendant's residence, located at 3453 Mt. Pleasant Street in Houston, Texas. After receiving a tip from a confidential informant ("CI") that cocaine was being sold at the residence, Houston police officers arranged for the CI to make a controlled purchase of crack cocaine there. Following the controlled purchase, the CI turned the crack cocaine over to the officers and stated that he had purchased the crack cocaine from Defendant. On June 23, 2004, a state magistrate issued a search and arrest warrant, authorizing the search of the 3453 Mt. Pleasant residence and Defendant's arrest.

As they were preparing to execute the warrant, officers observed Defendant leaving the residence in a pick-up truck. Officer Kyle Engelhart stopped and arrested Defendant, placing him handcuffed in the back seat of his patrol car. Officer Engelhart then questioned Defendant, and Defendant informed Officer Engelhart that he had marijuana, cocaine, and a firearm in a locked cabinet located in his bedroom within the residence. Officer Engelhart testified at the April 26

hearing that, prior to questioning Defendant, he orally advised Defendant of his constitutional rights, and that Defendant said that he understood his rights.  Upon entry into the residence, officers located the cabinet in Defendant's bedroom, which contained several grams of cocaine, several grams of marijuana, a loaded Star, model Firestar, .45 caliber firearm, a knife and scissors with drug residue, and U.S. currency.

While the search of Defendant's residence was in progress, Officer Brian Bufkin met with Defendant, who was still seated in the back seat of the patrol car, and questioned him about the items recovered from the residence.  At the April 26 hearing, Officer Bufkin testified that he orally advised Defendant of his constitutional rights prior to questioning him, and that Defendant responded that he understood each right.  Defendant informed Officer Bufkin that the bedroom in which the narcotics and firearm had been found was his.  Defendant was thereafter charged with possession of the firearm, cocaine, and marijuana that were found in his residence during the search.

**II. Motion for Disclosure of Confidential Informant**

The government has the privilege of withholding an informant's identity, in order to encourage citizens to come forward with information about crimes, and thereby to further and protect the "public interest in effective law enforcement." *Roviaro v. United States*, 353 U.S. 53, 59 (1957).  This privilege is limited, however, by concerns of fundamental fairness to a criminal defendant.  *Id.* at 60.  "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."  *Id.* at 60-61.  In applying *Roviaro*, the Fifth Circuit has developed a three-part balancing test, under which a court should consider (1) the informant's degree of involvement in the alleged crime; (2) the helpfulness of disclosure to the defense; and (3) the government's interest in nondisclosure.  *United States v. Sanchez*, 988 F.2d 1384, 1391 (5th Cir. 1993).

Here, all three considerations counsel against requiring the government to disclose the identity of the CI. First, while the CI provided officers with information and participated in a controlled purchase of crack cocaine, the CI was not an actual participant in the alleged crimes with which Defendant is charged. Defendant is not charged with selling crack cocaine to the CI; rather, Defendant is charged with the possession of the firearm and the controlled substances found during the search of his residence. Although the CI was instrumental in obtaining the warrant that led to the discovery of these items, the CI did not participate in the search of Defendant's residence or in Defendant's possession of the items with which he is charged. The CI's degree of involvement in Defendant's alleged crime of firearm and drug possession does not warrant disclosure of his identity.

Second, Defendant has failed to articulate how disclosure of the CI's identity will be helpful to his defense. Aside from his inaccurate contention that the CI was the sole, direct fact witness to the alleged crimes, Defendant has not explained how interviewing the CI will relate to or further his asserted defense. As the Fifth Circuit has noted, "mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979). Additionally, the government has indicated that it will, as it must, provide Defendant with all information relating to the CI's credibility in advance of trial. Should it decide not to call the CI as a witness at trial, the government has stated that, to the extent that the CI's presence is within its control, it will make the CI available to testify on Defendant's behalf. Defendant has made no effort to explain how this is insufficient to allow him fairly to present a defense, nor has Defendant demonstrated how disclosure of the CI's identity would assist his defense.

Finally, the government urges that disclosure of the CI's identity will pose a substantial risk to the safety of the CI and his or her family members, friends, and associates. Defendant asserts, on

the contrary, that there is no allegation that he has engaged in prior acts of violence against a witness, and that there is thus no basis for arguing that disclosure of the CI's identity would jeopardize his or her safety. Although the government is silent as to any specific reasons that disclosure would constitute a safety hazard, Defendant has been charged in this case with possessing a loaded firearm. The alleged possession of a weapon is at least some indication that Defendant may harbor a propensity for violence. This, combined with the CI's relatively minimal role in the charged crimes, and Defendant's failure to show how disclosure would be relevant or helpful to his defense, establishes that disclosure of the CI's identity is not warranted in this case. Defendant's motion for disclosure is therefore **DENIED**.

### III. Motions to Suppress

#### A. *Presentation of Warrant to Defendant*

At the April 26 hearing, Defendant testified that he repeatedly asked the officers to see a copy of the search and arrest warrant, but that the officers never provided it. Officer Engelhart testified that he did not have a physical copy of the warrant with him when he arrested and questioned Defendant, and Officer Bufkin testified that, while he had the warrant in his possession, he did not show it to Defendant. In his supplemental memorandum and motion to suppress, Defendant asserts that the officers violated Texas law by failing to provide him with a copy of the warrant, and that the evidence seized during the search of his residence should therefore be suppressed. This argument is without merit.

Defendant is correct that, under Texas law, an "officer executing [a] warrant shall present a copy of the warrant to the owner of the place, if he is present." TEX. CODE CRIM. PROC. art. 18.06(b). However, Defendant has not presented the Court with any authority for the proposition that failing to present a search warrant to the resident of the place being searched necessarily renders a search unreasonable, in violation of the Fourth Amendment. On the contrary, Defendant

4

admits that the Supreme Court has declined to decide this question. *See United States v. Grubbs*, 126 S. Ct. 1494, 1503 (2006) (Souter, J., concurring) (noting that in *Groh v. Ramirez*, 540 U.S. 551, 562 n.5 (2004), the Court "was careful to note that the right of an owner to demand to see a copy of the warrant before making way for the police had not been determined . . . and it remains undetermined today"). In the absence of any such authority, the Court will not assume that the officers' failure to present Defendant with the search and arrest warrant, even if this violated the Texas Code of Criminal Procedure, made the search of Defendant's residence unreasonable under the Fourth Amendment. Accordingly, the items seized during the search of Defendant's residence will not be excluded from evidence.

### *B. Electronic Recording of Defendant's Statements*

Defendant additionally contends that Texas law requires an electronic recording to be made of any oral statement made by an accused as a result of custodial interrogation, and that, because no electronic recordings were made of his statements to Officers Engelhardt and Bufkin, the statements are not admissible against him. TEX. CODE CRIM. PROC. art. 38.22 § 3(a). Defendant argues that this state law must be enforced by federal courts under principles of federalism, and to prevent state officers from "forum shopping" their cases in an effort to circumvent state limits on their authority. This argument is similarly lacking in merit.

As Defendant correctly asserts, the Supreme Court acknowledged such concerns of federalism when it rejected the "silver platter doctrine," under which evidence unreasonably seized by state law enforcement officers in violation of the Fourth Amendment had been held admissible, while that seized by federal law enforcement officers was excluded from evidence. *Elkins v. United States*, 364 U.S. 206, 223 (1960) ("[W]e hold that evidence obtained by state officers during a search which, if conducted by federal officers, would have violated the defendant's immunity from unreasonable searches and seizures under the Fourth Amendment is inadmissible over the

5

defendant's timely objection in a federal criminal trial."). As Defendant also correctly asserts, however, the officers' failure to electronically record Defendant's statements in this case was proscribed by Texas law, and not by the Fourth Amendment. *Elkins*, which dealt with state officers' failure to abide by constitutional requirements, rather than state requirements, is thus inapplicable to the situation at hand. *Id.*

Defendant has not cited any authority in support of his argument that a state officer's failure to follow a state law of criminal procedure necessarily renders the officer's actions unreasonable, or the resulting evidence inadmissible, in federal court. Nor has Defendant cited any authority indicating that an officer's failure to electronically record an accused's oral statement itself violates the Fourth Amendment. While the Court is concerned by the officers' apparent failure to follow Texas criminal procedure rules in this case, this is not a basis upon which to exclude the oral statements made by Defendant following his arrest.

*C. Validity of Warrant*

Defendant also urges the Court to suppress his oral statements on the ground that the warrant for his arrest did not meet the requirements of a valid warrant under Texas law, and that, therefore, there was no probable cause for his arrest. Under the Texas Code of Criminal Procedure, an arrest warrant must (1) specify the name or reasonably definite description of the person to be arrested; (2) state that the person is accused of some offense against the laws of the State, and name the offense; and (3) be signed by a magistrate, and name his office in the body of the warrant, or in connection with his signature. TEX. CODE CRIM. PROC. art. 15.02. Defendant alleges that the warrant for his arrest failed to meet the second and third requirements of this law. Defendant is incorrect.[1]

---

[1] Even if Defendant was correct that the warrant failed to meet the requirements of Texas Code of Criminal Procedure article 15.02, this would not entitle Defendant to the suppression of his oral statements. On the contrary, an officer's failure to comply with state laws of criminal procedure does not necessarily render the officer's actions unreasonable in violation of the Fourth Amendment, nor does it require the suppression of any resulting evidence, as discussed above.

6

The search and arrest warrant issued in this case commands the executing officers to search for the controlled substance cocaine and to arrest Defendant. The affidavit of Officer Bufkin, which is referenced in and incorporated by the warrant, further states that "the Affiant hereby charges and accuses that [Defendant] . . . is in possession of a quantity of the above listed controlled substance, namely cocaine, having the intent to deliver said controlled substance to person or persons unknown." Def.'s Mtn for Disclosure, Ex. A. This is sufficient to satisfy the second requirement of Texas Code of Criminal Procedure article 15.02, that a warrant must name the offense of which the person to be arrested is accused.

Similarly, the title "Magistrate" appears beneath the signature on the warrant, as well as on the final page of the incorporated affidavit. The seal of the Texas municipal court likewise appears next to the magistrate's signature on the affidavit. This is sufficient to indicate the office of the issuing magistrate, in accordance with the third requirement of Texas Code of Criminal Procedure article 15.02. Even if not strictly in compliance with this requirement, however, the inclusion of the magistrate's title and the municipal court's seal reasonably informed any person reading the warrant and affidavit that the warrant was considered and issued by a judicial magistrate. In *Howlett v. State*, the court found "the purpose of the third requirement of Article 15.02 to be the elimination of any doubt that the seizure order has been based upon a probable cause determination made by a judicial magistrate, consistent with due process protections from unbridled police action, and not upon a non-judicial decision." 700 S.W.2d 751, 755-56 (Tex. App.—El Paso 1985, pet. ref'd). Where this purpose is served, the exclusionary rule need not be applied. *Id.* Here, the magistrate's title and the court's seal are indicative of a judicial determination of probable cause to support the warrant. Defendant has failed to demonstrate either that the warrant for his arrest was invalid, or that the arresting officers lacked probable cause to arrest him, and his oral statements will not be excluded on this ground.

*D. Voluntariness of Defendant's Statements*

In his initial motion to suppress, Defendant urged the Court that an "[e]xamination of all the circumstances [would] disclose that the conduct of law enforcement officials overcame Defendant['s] will to resist and brought about [his] statements which were not freely self-determined." The evidence presented at the April 26 hearing, however, demonstrates the opposite. Both Officers Engelhardt and Bufkin testified that Defendant acknowledged that he understood his constitutional rights, that Defendant spoke to them willingly and never indicated that he wished to stop speaking to them, that Defendant was calm and cooperative when he spoke with them, and that they did not use any threat of violence or trickery to compel Defendant to speak with them. Although Defendant testified that the officers did not provide him with a copy of the warrant or an explanation of what was happening, he also failed to give any testimony that the officers forced him to talk to them, or that he did not wish to speak to the officers.

The Court finds that Defendant's statements were not coerced, but rather, voluntarily made. Accordingly, Defendant's oral statements are admissible as evidence against him, and Defendant's motions to suppress these statements are **DENIED**. Defendant's supplemental motion to suppress the evidence discovered during the search of his residence is also **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 1st day of June, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT